[relates to Docket Item #10]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONEE PATTERSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KENNETH SHELTON,<br><br>　　　　　Defendant. | HON. JEROME B. SIMANDLE<br><br>Civil Action No.<br>07-2215 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge**:

　　This matter comes before the Court upon the motion of Plaintiff, Anthonee Patterson, to remand or dismiss the Complaint [Docket Item 10]. The Court has considered the submissions of the parties in support of and in opposition to the motion and for the following reasons shall deny the motion to remand or dismiss.

　　1.　Plaintiff commenced this action in New Jersey state court. Defendant removed it to this Court on May 10, 2007. Plaintiff filed this motion on June 20, 2007, alleging that this Court had jurisdiction over the action and the case could have originally been filed here under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

　　2.　Plaintiff does not dispute that the parties are diverse or that the amount in controversy requirement has been met. Rather, Plaintiff asserts that the case should be remanded,

without citing any authority, because it is related to a case that Eastern District of Pennsylvania Judge Anita Brody determined should be dismissed for lack of subject matter jurisdiction.  Indeed, Plaintiff has failed to articulate any bases for the relief sought as he failed to file a brief in support of his motion or any statement explaining why no brief is necessary, as Local Civil Rule 7.1 requires.

3.  It appears that non-diverse parties were present in the Eastern District of Pennsylvania action who are not present here. Thus, in the absence of any contrary information from Plaintiff on this issue, the Court is satisfied that it has diversity jurisdiction over this matter.

4.  Further, although motions to remand for lack of subject matter jurisdiction may be brought at any time pursuant to 28 U.S.C. § 1447(c), motions to remand on any other basis must be brought within thirty days of removal.  Thus, if Plaintiff were asserting that the Court should remand the case for some other reason, which is unclear to the Court, such motion would be denied as untimely because this motion was filed more than thirty days after removal.

5.  In addition, to the extent Plaintiff seeks dismissal of his own Complaint, that request must be denied.  A Plaintiff may voluntarily dismiss its action pursuant to Federal Rule of Civil Procedure 41(a)(1) only before an Answer is served or by

stipulation of the parties.  Because an Answer was served before this motion was filed and there is no signed stipulation of dismissal, it is too late for Plaintiff to seek an automatic dismissal under Rule 41(a)(1).  Nor shall the Court Order dismissal pursuant to Rule 41(a)(2) because Plaintiff has not articulated any just grounds for such dismissal without prejudice.  Plaintiff is free, of course, to seek the consent of defense counsel to a voluntary dismissal.  In the absence of consent, Plaintiff must demonstrate just cause for a dismissal without prejudice, by filing a motion under Rule 41(a)(2), Fed. R. Civ. P.

     6.  An appropriate Order shall be entered denying the motion in its entirety.  Plaintiff is also advised to comply with the Local Civil Rules or risk rejection of any defective submissions in the future.

**September 19, 2007**                   **s/ Jerome B. Simandle**
Date                                    Jerome B. Simandle
                                           U.S. District Judge